## Case No. 2,770.

### The CITY OF WASHINGTON.

[6 Ben. 138.] [1]

District Court, E. D. New York. June, 1872. [2]

COLLISION AT SEA — STEAMER AND PILOT BOAT—
LIGHTS—BURDEN OF PROOF.

1. A steamer, bound to the westward, discovered the flash lights of a pilot boat to the northward, about abeam. She replied to them, indicating that she wanted a pilot, and changed her course to N. W. by N. The pilot boat changed her course to the southward and westward to meet the steamer, showing her torches as she proceeded. The wind was fresh. When the vessels were four or five lengths apart, the courses of the vessels were crossing, and the starboard side of the steamer was the lee side. She showed a light on that side to guide the pilot to his place, and a pilot left the pilot boat in a yawl, having with him a light, to board the steamer. The steamer was kept in motion, and starboarded her helm, and, before the yawl boat reached her, she ran into the pilot boat and sank her. The pilot boat had no masthead light, but the light, which the pilot carried as he went into the yawl, was seen by those in charge of the steamer: Held, that the steamer was in fault, in not stopping still before she reached the pilot boat, and also in starboarding her helm.

[Cited in The Columbia, 27 Fed. 708; The La Champagne, 43 Fed. 447.]

2. The burden was on the pilot boat of proving that the absence of the masthead light, which she should have carried, did not contribute to the collision.

3. As the exact position of the pilot boat was known to those in charge of the steamer, and as the absence of the masthead light was not set up in the answer of the steamer as an act of negligence, the absence of the masthead light did not contribute to the collision, and the steamer must be held solely liable.

Scudder & Carter, for libellants.

Platt, Gerard & Buckley, for respondent.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]
[2] [Affirmed in Case No. 2,771.]

BENEDICT, District Judge. This action is brought by Peter A. Baillie and others, owners of the pilot boat John D. Jones, to recover of the steamship City of Washington some twenty thousand dollars, for the sinking of the pilot boat, in a collision which occurred between those two vessels on the night of March 28th, at sea, and about 200 miles from Sandy Hook.

The steamer, bound to the westward, at about 11 p. m. discovered the flash lights of a pilot boat to northward, about abeam, and some four or five miles distant. She replied to the signals, indicating that she wished to receive a pilot from the boat, and altered her course to about N. W. by N., to meet the boat. The boat, on her part, kept away to the southward and westward to meet the steamer, showing her torches as she proceeded. The courses of the two vessels were thereafter crossing each other, with a fresh breeze of wind.

When the two vessels had approached within four or five lengths of each other, the steamship had hauled up sufficiently to make her starboard side the lee side, and she showed a light on her lee side to guide the pilot to his place to board the steamer; and a pilot left the pilot boat in the yawl, having with him a light, to pull to the light on the starboard side of the steamship. Before the pilot had time to reach the steamer in the yawl, the pilot boat was under the steamer's bows, and was struck by the steamer on her port side, causing her to sink and be lost. The negligence charged upon the steamer as the cause of this loss, is, that she starboarded her helm, whereby the pilot boat was brought under her bows, and that she did not back in time to stop her way before she struck the pilot boat.

The starboarding is admitted in the answer, and, under the circumstances disclosed by the evidence, I consider it negligence. The course of the pilot boat was known to be crossing that of the steamship, the breeze was fresh, and it was known to the steamship that at her request the pilot boat was endeavoring to place a pilot on board her. This manoeuvre the pilot boat was entitled to be permitted to accomplish without embarrassment from the steamer. Certainly the steamer, by starboarding and giving herself a course across the course of the pilot boat, while the yawl, which was to be picked up by the boat after the pilot was placed on the steamer, was in the act of passing to the steamer, attempted a manoeuvre which cast upon her the risk of its success.

I think, also, that it was the duty of the steamship to stop still before she reached the pilot boat, instead of which she was kept moving ahead—slowly it is true, but yet with a momentum which, with the starboarding, brought her upon the pilot boat and sank her. I must, therefore, hold the steamer responsible in this action, by reason of these faults.

The only remaining question is, whether the pilot boat must not also be held in fault for not having the masthead light, which the law requires. It is conceded, that the pilot boat had no such light, and the burden is, therefore, on the pilot boat to show that the absence of such a light did not contribute to the collision. This is made to appear by the clear proof given by the witnesses for the steamship, that the other lights of the pilot boat were seen by them. Her exact position was known by those on the steamship, as appears from the fact, that they saw the light which the pilot carried when he went into the yawl. I consider, therefore, that the evidence shows, beyond dispute, that the absence of the masthead light in no way contributed to the accident. Furthermore, the absence of the masthead light is not set up in the answer as an act of negligence, nor is its absence alluded to therein. I, therefore, cannot hold that the fault of the pilot boat, in not having a masthead light, renders her chargeable with any part of the loss. The decree will accordingly be in favor of the libellants, with an order of reference.

[NOTE. The Liverpool, New York & Philadelphia Steamship Company, claimant, appealed from the decree herein to the circuit court, where the decree was affirmed. See Case No. 2,771.]